**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOUMAN ABBASIKIA,<br><br>Defendant. | Case No.: 08-cr-0988-DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>**[ECF No. 432]** |

Pending before the Court is Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("U.S.S.G.") Amendment 821 (2023). (Mot., ECF No. 432.) The Court referred Defendant's motion to Federal Defenders of San Diego Inc. ("Federal Defenders") for evaluation pursuant to General Order No. 755. (ECF No. 433.) The Federal Defenders indicated that the Court can rule on Defendant's pending motion on the existing record without further assistance of counsel. (ECF No. 438.) The Government filed a response in opposition to Defendant's motion. (Opp'n, ECF No. 439). The Court finds that Defendant does not qualify for a sentence modification and, therefore, denies his motion.

"Section 3582(c)(2) allows modification of a term of imprisonment when: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Waters*, 771 F.3d 679,

1

08-cr-0988-DMS

680 (9th Cir. 2014) (per curiam).  Part A of Amendment 821 implemented the revised U.S.S.G. § 4A1.1(e), under which a defendant no longer receives a 2-point increase in criminal history points "for having committed the instant offense while under a criminal justice sentence." *United States v. Courtway*, No. 18-CR-4687, 2023 WL 8772931, at *10 (S.D. Cal. Dec. 19, 2023).  Part B of Amendment 821 implemented the revised U.S.S.G. § 4C1.1, under which some offenders with zero criminal history points are "eligible to receive a sentence reduction reflecting a two-point downward adjustment" in offense level if they satisfy certain criteria.  *United States v. Caicedo*, No. 18-CR-2242, 2024 WL 666342, at *1 (S.D. Cal. Feb. 16, 2024).  One of the criteria is that "the defendant has not received any criminal history points."  U.S.S.G. § 4C1.1(a)(1).  The modified guidelines implemented by Amendment 821 apply retroactively.  *See id.* § 1B1.10(d) (stating that Parts A and B of Amendment 821 apply retroactively for purposes of a motion to reduce sentence under 18 U.S.C. § 3582(c)(2)).

Defendant does not qualify for a reduction in sentence under Part A.  Defendant received 21 points for his previous convictions and two points because the instant offense was committed when defendant was on probation in a San Diego Superior Court Case (for a total of 23 criminal history points).  (PSR, ECF No. 132, at 10.)  Under U.S.S.G. § 4A1.1(e), Defendant should now receive one point, rather than two, for his probationary status at the time of the offense.  *See* U.S.S.G. § 4A1.1(e).  While Defendant's criminal history score lowers to 22, Defendant's Guideline range does not change "because Criminal History Category VI applies to all offenders with a score of 13 or higher."  (Opp'n 3; PSR 10.)  Amendment 821 does not lower the applicable Guidelines range, and, therefore, does not provide a basis for a reduction in Defendant's sentence under Part A.

Defendant argues that he qualifies for a reduction in sentence under Part B because "[a]nyone that was on any government supervision can ask the Court for a reduction in sentence."  (Mot. 2.)  This is not so.  To receive a reduction in sentence under U.S.S.G. § 4C1.1, Defendant must meet several criteria, including have no prior criminal history.  Here, Defendant received 23 criminal history points (or 22 points after recalculation

08-cr-0988-DMS

pursuant to U.S.S.G. § 4A1.1(e)).  (PSR 10.)  Therefore, Defendant is also not eligible for a reduction to his sentence under Part B.  *See, e.g.*, *United States v. Marquez*, No. 20-CR-02044-H, 2024 WL 1973479, at *2 (S.D. Cal. May 2, 2024) (denying motion to reduce sentence based on § 4C1.1 because defendant had two criminal history points); *see also United States v. Perez*, No. 117CR00007JLTSKO, 2024 WL 626940, at *1 (E.D. Cal. Feb. 14, 2024) (same).

**IT IS SO ORDERED.**

Dated:  February 9, 2026

Hon. Dana M. Sabraw
United States District Judge

3

08-cr-0988-DMS